## COHN *v.* HUSSON.

*(Superior Court of New York City, General Term.  August 17, 1889.)*

NEGOTIABLE INSTRUMENTS—CONSIDERATION.

Where two persons have been in the habit of exchanging notes, the notes are not void for want of consideration, a promise for a promise being a mutual consideration.

Appeal from jury term.

A. B. Cohn, executor, sued Joseph Husson, defendant, who pleaded a promissory note by way of counter-claim.  From an order that the jury find a verdict for defendant, plaintiff appeals.

Argued before SEDGWICK and FREEDMAN, JJ.

*Abram Kling,* for appellant.  *E. P. Wilder,* for respondent.

SEDGWICK, C. J.   The principal question of the appeal relates to a defense by way of counter-claim, and whether, on the whole evidence, it was incontrovertibly sustained.  The defense was what in its nature is set-off, and this, under the Code, is pleaded as a counter-claim.  The set-off as claimed by the answer was that one Henry Cohn had delivered to defendant, for valuable consideration, his promissory note for $1,000, but had neglected to pay it.  This defense was to be sustained if it was proved, and unless the defense of the reply was sustained on the part of the plaintiff.  The reply was that the note in the answer did not have a legal inception, and that the note was one of a series of notes given to the defendant, without consideration, and purely for the purpose of accommodating defendant.  The defendant produced the note specified in his answer, and proved it was made by Henry Cohn.  The law attached to this a presumption that it had been given for valuable consideration, and the defendant necessarily made specific the consideration on which he relied to sustain the note by proving that the defendant had made his note to Henry Cohn, of the same date and amount as the note of the answer.  On the pleadings the only defense open to the plaintiff was want of consideration.  There was no defense of payment, or of anything equivalent.  He produced and offered to give as testimony earlier notes made by Henry Cohn to the order of the defendant, which, after being delivered to the defendant, had matured and been paid by Henry Cohn.  These were properly rejected, because without other evidence the presumption would be that they represented debts due by Cohn, the maker, to Husson, the defendant.  There was offered by the plaintiff no other evidence on this subject excepting it was proved by one of their witnesses that Cohn and Husson, the defendant, were in the habit of exchanging notes.  These notes, and among them those that the court did not permit to go in evidence, if they were a part, were not accommodation notes, and they had an inception for valuable consideration; that is, the notes given in exchange were reciprocal considerations, as a promise for a promise is a mutual consideration.  At the most the various notes on the one part would furnish grounds of action against those who made them, but would not tend to show that a subsequently exchanged note was without consideration.  There was no evidence offered on the trial which if believed by the jury would justify it in believing that there was no consideration for the note set up in the answer.  The judgment must be affirmed, with costs.

FREEDMAN, J., concurs.